K6
100024113

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Criminal No. 13-175-05** |
| **GHOVANNA GONZALEZ, and** | : | |
| **KUEHNE + NAGEL INC.**<br>**10 Exchange Place, 20th Floor**<br>**Jersey City, NJ 07302,** | :<br><br>: | |
| **Garnishee.** | : | |

**ANSWER OF GARNISHEE**

I, Chris Victorio, pursuant to 28 U.S.C. Section 1746(2),
(Your Name)
hereby certify the following:

1. I am Payroll Analyst of Garnishee. On
(Your Title)
December 5th, 2022, the Garnishee was served with the Writ of Garnishment
(Date)
issued in the above-captioned case. The Garnishee is (Choose One):

☐ Individual doing business in the name of:____________________

☐ A partnership composed of:____________________

☑ A corporation, LLP or LLC organized under the laws of the state of: New Jersey

2. At the time Garnishee was served with the Writ, Garnishee had in its possession or control the following property of the defendant:

a. Garnishee has contracted with or employed the Defendant from 11/21/22 to present.

b. The defendant's pay period is:

☐ weekly ☐ bi-weekly ☐ monthly ☑ other

*If other, please specify:* semi-monthly

c. The current pay period for the defendant began 12/01/22 and ends 12/15/22.

3. Enter amounts for the current pay period to calculate the garnishment:

a. Gross Earnings:[1] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 2932.24

b. Less: Deductions Required by Law:

Federal Income Tax: . . . . . . . . . . . . . $ 309.39

F.I.C.A. Tax: . . . . . . . . . . . . . . . . . . . . $ 216.50

State Income Tax: . . . . . . . . . . . . . . . $ 86.66

City/Local Income Tax: . . . . . . . . . . . . $ 32.15

Total Withholdings: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 644.70

c. Disposable Earnings (a) less total of (b): . . . . . . . . . . . . . . . . . . . $ 2287.54

75 percent of the disposable earnings is: $ 1715.66. *(To calculate the amount of exempt pay, multiply (c) above x .75).*

d. Non-exempt disposable earnings required to be withheld is the lesser of:

25 percent of disposable earnings = $ 571.89, OR

---

[1] Earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments to a pension or retirement program. "Disposable earnings" means that part of earnings remaining after all deductions required by law have been withheld. "Nonexempt disposable earnings" means 25 percent of disposable earnings. 28 U.S.C. §§ 3002(5), (6), and (9).

Disposable earnings, less \$217.50 = \$ 2070.04. (c) less (30 x \$7.25).[2]

4. The Garnishee has custody, control or possession of the following property in which the defendant maintains an interest, as described below:

| Description of Property | Approximate Value of Property | Description of Defendant's Interest in Property |
|---|---|---|
| | | |
| | | |
| | | |

5. Garnishee anticipates owing to the defendant in the future, the following amounts:

| Amount Owed to Defendant | Approximate Date or Period Due |
|---|---|
| | |
| | |
| | |

6. Have there been previous garnishments in effect for the defendant?

☑ NO.

☐ YES. Please explain:______________________________

______________________________

______________________________

______________________________

[2] Under federal law, 18 U.S.C. § 3613(a)(3) and 15 U.S.C. § 1673, the maximum amount subject to garnishment is 25 percent of disposable earnings for a week, or the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

7. Check the applicable line below if you deny that you hold property subject to this Writ of Garnishment.

☐ Garnishee makes the following claim of exemption on the part of defendant:

______________________________________________

______________________________________________

______________________________________________

☐ *Or*, Garnishee has the following objections, defenses, or set-offs to the government's right to apply garnishee's indebtedness to the defendant upon the government's claim: ______________________________

______________________________________________

______________________________________________

☐ Garnishee has in no manner and upon no account been indebted or under liability to the defendant, and that the garnishee has not possessed or controlled any property belonging to the defendant.

Pursuant to 28 U.S.C. Section 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED THIS 8th DAY OF December, 2022.

______________________________
GARNISHEE

**CERTIFICATE OF SERVICE**

I, Chris Victoris, certify that a copy of the foregoing Answer of Garnishee was served by **electronic mail** to the following:

Lauren R. Baer
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-4476
lauren.baer@usdoj.gov

Clerk, United States District Court
PAED_DOCUMENTS@PAED.USCOURTS.GOV
(indicating the case number and the title of the document or pleading in the subject line)

with the Original sent by **regular mail** to:

Ghovanna Gonzalez
438 3rd Ave., Apt. 2F
Bethlehem, PA 18018

Clerk, United States District Court
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

GARNISHEE

Date: 12/08/22

## ATTACHMENT TO ANSWER OF GARNISHEE

You must **mail** the original Answer to:

Clerk, United States District Court
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106,

*and* **e-mail**:

Clerk, United States District Court
PAED_DOCUMENTS@PAED.USCOURTS.GOV
(indicating the case number and the title of the document or pleading in the subject line)

*and* you also must **e-mail** a copy of the Answer to counsel for the United States of America:

Lauren R. Baer
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-4476
lauren.baer@usdoj.gov

*and* the mail to the defendant:

Ghovanna Gonzalez
438 3rd Ave., Apt. 2F
Bethlehem, PA 18018.